UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WILLIAM GIANNONE,

                Plaintiff,

- against -

MIZUHO BANK, LTD. and OPEN
SYSTEMS TECHNOLOGIES
CORPORATION,

                Defendants.
----------------------------------------------------------------x

**COMPLAINT**

Case No.  17-cv-05642

**Jury Trial Demanded
On All Claims**

      Plaintiff William Giannone, by his attorneys, SilvermanAcampora LLP, for his complaint against defendants Mizuho Bank, Ltd. ("Mizuho Bank") and Open Systems Technologies Corporation. ("Open Systems"), allege as follows:

### PARTIES

      1.      Plaintiff William Giannone is an individual residing at 154 Brewster Road, Massapequa, New York.

      2.      Plaintiff is protected by the application of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et. seq. ("ADEA"), in that plaintiff at all relevant times mentioned herein was at least 40 years of age.

      3.      Upon information and belief, Mizuho Bank is a Japanese corporation licensed to transact business in the State of New York and maintaining a place of business in 1251 Avenue of the Americas, New York, New York. Upon information and belief, Mizuho Bank is a financial institution.

      4.      Upon information and belief, Open Systems is a Virginia corporation licensed to transact business in the State of New York and maintaining a place of business at 462 Seventh Avenue, Floor 15, New York, New York. Upon information and belief, Open Systems is a staffing and job placement firm.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter under ADEA.

6. This Court has personal jurisdiction over Mizuho Bank because Mizuho Bank transacts business within the State of New York.

7. This Court has personal jurisdiction over Open Systems because Open Systems transacts business within the State of New York.

8. This Court is the proper venue for this action because both Mizuho Bank and Open Systems transact business within this judicial district.

## FACTS

9. On July 7, 2016, Giannone received an email from Jared Shapiro, who was, upon information and belief, employed as a recruiter by Open Systems at that time.

10. The email stated, in relevant part, "Hope all is well. I am seeking your help. Mizuho Bank in Jersey City is looking for a Senior Information Security Professional. Someone with strong COBIT experience as well as utilizing KPI Reporting. I will have further details tomorrow but if you know anyone who would be interested in this type of opportunity, please let me know."

11. Giannone had ample work experience relevant to the position described in Shapiro's email, including past employment with various financial institutions, and possessed the requisite skills referred to in Shapiro's July 7, 2016 email.

12. Giannnone replied to Shapiro's email on July 7, 2016, expressing his interest in the position at Mizuho Bank and attaching a copy of his resume.

13. On July 7, 2016, Shapiro replied to Giannnone's email, requesting that Giannone revise his resume to include additional information about certain relevant work experience.

14. In response to Shapiro's request, Giannone provided Shapiro with a revised resume via email on July 7, 2016.

LSKRUCK/2075815.1/

15. On July 8, 2016, Shapiro sent an email to Giannnone stating, "HR likes the resume and will send it to hiring manager...just need the year you graduated college." Upon information and belief, Shapiro's reference to "HR" referred to the Human Resources department at Mizuho Bank.

16. Giannone objected to Shapiro's request that he disclose the year he graduated college, stating that he believed the inquiry was unlawful. Giannone asked Shapiro to telephone him, and Shapiro did so.

17. When Giannone and Shapiro spoke on the telephone, Shapiro claimed that Mizuho Bank wanted to ensure that Giannone had sufficient experience for the position in question.

18. Giannone pointed out that the resume he had provided to Shapiro included a detailed, clearly dated list of relevant positions he had held going back to November 1989.

19. Giannone further noted that he had revised his resume, per Shapiro's specifications, to highlight work experience directly relevant to the Mizuho Bank position. Giannone conveyed his opinion that, given these facts, there could be no real question as to whether he had sufficient work experience for the Mizuho Bank position.

20. On July 14, 2016, Giannone sent an email to Shapiro inquiring whether Shapiro had send Giannone's resume to the hiring manager at Mizuho Bank.

21. In reply, Shapiro sent Giannone an email stating, "Not sure. I will follow up with my account manager but I doubt it since we didn't provide what they asked."

22. Approximately a week later, Giannone again emailed Shapiro to inquire about the status of his application for the position at Mizuho Bank. Shapiro then told Giannone, via email, that "HR is not going to move forward without the information they asked for."

LSKRUCK/2075815.1/

23. Thus, Mizuho Bank refused to hire Giannone because he declined to provide age-indicating information, despite the fact that its Human Resources "like[d]" Giannone's resume.

24. Open Systems participated in and condoned Mizuho Bank's refusal to hire Giannone because he declined to provide age-indicating information.

## PROCEDURAL HISTORY

25. On September 22, 2016, Giannone timely filed a charge of discrimination against Mizuho Bank and Open Systems with the United States Equal Employment Opportunity Commission (the "EEOC").

26. On or about June 4, 2017, Giannone received a right-to-sue letter from the EEOC.

## FIRST CLAIM FOR RELIEF: MIZUHO BANK
## (ADEA)

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 26 hereof.

28. On or about July 8, 2016, defendant Mizhuho Bank discriminated against Giannone because of Giannone's age, in that Mizuho Bank refused to hire Giannone, or even interview him, for the position of Senior Information Security Professional.

29. As of July 8, 2016, and at all relevant times mentioned herein, Giannone was in all respects qualified for the position of Senior Information Security Professional.

30. Mizuho Bank's discriminatory action against Giannone violated the ADEA.

31. Mizuho Bank's unlawful discrimination against Giannone has caused and will continue to cause him to lose wages, salary, earnings, and other economic benefits of employment, from July 8, 2016 to date.

32. As a result of the foregoing, Giannone has sustained damages in an amount to be determined at trial before a jury.

## SECOND CLAIM FOR RELIEF: OPEN SYSTEMS
### (ADEA)

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 32 hereof.

34. On or about July 8, 2016, defendant Open Systems participated in Mizuho Bank's discrimination against Giannone based on Giannone's age in that Open Systems, through its employee Shapiro, demanded that Giannone provide age-related information in order to advance his application for the position of Senior Information Security Professional at Mizuho Bank.

35. Open Systems' discriminatory action against Giannone violated the ADEA.

36. Open Systems' unlawful discrimination against Giannone has caused and will continue to cause him to lose wages, salary, earnings, and other economic benefits of employment, from July 8, 2016 to date.

37. As a result of the foregoing, Giannone has sustained damages in an amount to be determined at trial before a jury.

## THIRD CLAIM FOR RELIEF: MIZUHO BANK
### (New York State Human Rights Law)

38. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 37 hereof.

39. On or about July 8, 2016, Mizhuho Bank discriminated against Giannone because of Giannone's age, in that Mizuho Bank refused to hire Giannone, or even interview him, for the position of Senior Information Security Professional.

40. As of July 8, 2016, and at all relevant times mentioned herein, Giannone was in all respects qualified for the position of Senior Information Security Professional.

41. Mizuho Bank's discrimination against Giannone based on his age violated the New York State Human Rights Law.

LSKRUCK/2075815.1/

42. Mizuho Bank's unlawful discrimination against Giannone has caused and will continue to cause Giannone to lose wages, salary, earnings, and other economic benefits of employment, from July 8, 2016 to date.

43. As a result of the foregoing, Giannone has sustained damages in an amount to be determined at trial before a jury.

### FOURTH CLAIM FOR RELIEF: OPEN SYSTEMS
(New York State Human Rights Law)

44. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 43 hereof.

45. On or about July 8, 2016, defendant Mizuho Bank discriminated against Giannone because of Giannone's age, in that Mizuho Bank refused to hire Giannone, or even interview him, for the position of Senior Information Security Professional.

46. In violation of the New York State Human Rights Law, Open Systems aided and abetted Mizuho Bank in its unlawful discrimination against Giannone, by refusing to continue assisting Giannone in pursuing employment at Mizuho Bank, and thus actively participating in the discrimination against Giannone.

47. Open Systems' aiding and abetting of Mizuho Bank's unlawful discrimination against Giannone has caused and will continue to cause Giannone to lose wages, salary, earnings, and other economic benefits of employment, from July 8, 2016 to date.

48. As a result of the foregoing, Giannone has sustained damages in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF: MIZUHO BANK
(New York City Human Rights Law)

49. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 48 hereof.

50. Mizuho Bank's discrimination against Giannone based on his age violated the New York City Human Rights Law.

51. Mizuho Bank's unlawful discrimination against Giannone has caused and will continue to cause Giannone to lose wages, salary, earnings, and other economic benefits of employment, from July 8, 2016 to date.

52. As a result of the foregoing, Giannone has sustained damages in an amount to be determined at trial before a jury.

### SIXTH CLAIM FOR RELIEF: OPEN SYSTEMS
### (New York City Human Rights Law)

53. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 52 hereof.

54. In violation of the New York City Human Rights Law, Open Systems aided and abetted Mizuho Bank in its unlawful discrimination against Giannone, by refusing to continue assisting Giannone in pursuing employment at Mizuho Bank, and thus actively participating in the discrimination.

55. Open Systems' aiding and abetting of Mizuho Bank's unlawful discrimination against Giannone has caused and will continue to cause Giannone to lose wages, salary, earnings, and other economic benefits of employment, from July 8, 2016 to date.

56. As a result of the foregoing, Giannone has sustained damages in an amount to be determined at trial before a jury.

### SEVENTH CLAIM FOR RELIEF: MIZUHO BANK
### (Retaliation: ADEA)

57. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 56 hereof.

58. Giannone engaged in an activity protected under ADEA when he objected to Mizuho Bank's and Open Systems' efforts to obtain information pertaining to his age (the "Protected Activity").

59. Mizuho Bank was made aware of the Protected Activity by Open Systems.

60. By refusing to hire Giannone after he engaged in the Protected Activity, Mizuho Bank took a retaliatory adverse action against Giannone in violation of ADEA.

61. But for Giannone's Protected Activity, Mizuho Bank would not have taken the adverse action against Giannone referred to above.

62. Mizuho Bank's unlawful retaliation against Giannone has caused and will continue to cause Giannone to lose wages, salary, earnings, and other economic benefits of employment, from July 8, 2016 to date.

63. As a result of the foregoing, Giannone has sustained damages in an amount to be determined at trial before a jury.

### EIGHTH CLAIM FOR RELIEF: OPEN SYSTEMS
### (Retaliation: ADEA)

64. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 63 hereof.

65. Open Systems was directly aware of the Protected Activity, as Giannone engaged in the Protected Activity via email to and telephone call with Open Systems' employee, Mr. Shapiro.

66. By refusing to continue assisting Giannone in pursuing employment at Mizuho Bank after Giannone engaged in the Protected Activity, Open Systems took a retaliatory adverse action against Giannone in violation of ADEA.

67. But for Giannone's Protected Activity, Open Systems would not have taken the adverse action against Giannone referred to above.

68. Open Systems' unlawful retaliation against Giannone has caused and will continue to cause Giannone to lose wages, salary, earnings, and other economic benefits of employment, from July 8, 2016 to date.

69. As a result of the foregoing, Giannone has sustained damages in an amount to be determined at trial before a jury.

LSKRUCK/2075815.1/

### NINTH CLAIM FOR RELIEF: MIZUHO BANK
(Retaliation: New York State Human Rights Law)

70. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 69 hereof.

71. Giannone engaged in an activity protected under the New York State Human Rights Law when he objected to Mizuho Bank's and Open Systems' efforts to obtain information pertaining to his age (the "Protected Activity").

72. Mizuho Bank was made aware of the Protected Activity by Open Systems.

73. By refusing to hire Giannone after he engaged in the Protected Activity, Mizuho Bank took a retaliatory adverse action against Giannone in violation of the New York State Human Rights Law.

74. But for Giannone's Protected Activity, Mizuho Bank would not have taken the adverse action against Giannone referred to above.

75. Mizuho Bank's unlawful retaliation against Giannone has caused and will continue to cause Giannone to lose wages, salary, earnings, and other economic benefits of employment, from July 8, 2016 to date.

76. As a result of the foregoing, Giannone has sustained damages in an amount to be determined at trial before a jury.

### TENTH CLAIM FOR RELIEF: OPEN SYSTEMS
(Retaliation: New York State Human Rights Law)

77. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 76 hereof.

78. In violation of the New York State Human Rights Law, Open Systems aided and abetted Mizuho Bank in its retaliation against Giannone, by refusing to continue assisting Giannone in pursuing employment at Mizuho Bank after Giannone engaged in the Protected Activity.

79. Open Systems' aiding and abetting of Mizuho Bank's unlawful retaliation against

Giannone has caused and will continue to cause Giannone to lose wages, salary, earnings, and other economic benefits of employment, from July 8, 2016 to date.

80. As a result of the foregoing, Giannone has sustained damages in an amount to be determined at trial before a jury.

### ELEVENTH CLAIM FOR RELIEF: MIZUHO BANK
(Retaliation: New York City Human Rights Law)

81. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 80 hereof.

82. Giannone engaged in an activity protected under the New York City Human Rights Law when he objected to Mizuho Bank's and Open Systems' efforts to obtain information pertaining to his age (the "Protected Activity").

83. Mizuho Bank was made aware of the Protected Activity by Open Systems.

84. By refusing to hire Giannone after he engaged in the Protected Activity, Mizuho Bank took a retaliatory adverse action against Giannone in violation of the New York City Human Rights Law.

85. But for Giannone's Protected Activity, Mizuho Bank would not have taken the adverse action against Giannone referred to above.

86. Mizuho Bank's unlawful retaliation against Giannone has caused and will continue to cause Giannone to lose wages, salary, earnings, and other economic benefits of employment, from July 8, 2016 to date.

87. As a result of the foregoing, Giannone has sustained damages in an amount to be determined at trial before a jury.

### TWELFTH CLAIM FOR RELIEF: OPEN SYSTEMS
(Retaliation: New York City Human Rights Law)

88. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 87 hereof.

89. In violation of the New York City Human Rights Law, Open Systems aided and abetted Mizuho Bank in its retaliation against Giannone, by refusing to continue assisting Giannone in pursuing employment at Mizuho Bank after Giannone engaged in the Protected Activity.

90. Open Systems' aiding and abetting of Mizuho Bank's unlawful retaliation against Giannone has caused and will continue to cause Giannone to lose wages, salary, earnings, and other economic benefits of employment, from July 8, 2016 to date.

91. As a result of the foregoing, Giannone has sustained damages in an amount to be determined at trial before a jury.

**WHEREFORE**, Plaintiff Giannone demands judgment against defendants Mizuho Bank and Open Systems, as follows:

   a) On the first claim for relief, in an amount to be determined at trial;

   b) On the second claim for relief, in an amount to be determined at trial;

   c) On the third claim for relief, in an amount to be determined at trial;

   d) On the fourth claim for relief, in an amount to be determined at trial;

   e) On the fifth claim for relief, in an amount to be determined at trial;

   f) On the sixth claim for relief, in an amount to be determined at trial;

   g) On the seventh claim for relief, in an amount to be determined at trial;

   h) On the eighth claim for relief, in an amount to be determined at trial;

   i) On the ninth claim for relief, in an amount to be determined at trial;

   j) On the tenth claim for relief, in an amount to be determined at trial;

   k) On the eleventh claim for relief, in an amount to be determined at trial;

   l) On the twelfth claim for relief, in an amount to be determined at trial;

   m) Costs and disbursements of the action; and

   n) Such other and further relief as the Court deems just and proper.

Dated: Jericho, New York
July 24, 2017

**SILVERMANACAMPORA LLP**
Attorneys for Plaintiff William Giannone

By: /s/ Lisa Skruck
Lisa Skruck
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300